SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION


KELLY HILL,                                            )
                     Plaintiff,                        )
                                                       )
         vs.                                           )          1:05-cv-0980-SEB-VSS
                                                       )
MUTUAL HOSPITAL SERVICE, INC., and                     )
JOHN DOE, an as-yet unidentified employee or           )
representative of Mutual Hospital Service, Inc.,       )
                     Defendants.                       )
                                                       )


**ENTRY GRANTING DEFENDANTS' MOTION TO DISMISS**

This matter comes before the court on Defendants Mutual Hospital Service, Inc.'s ("Mutual Hospital") and John Doe's ("Doe") Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendants assert a failure to state a claim upon which relief can be granted regarding Plaintiff Kelly Hill's ("Hill") Complaint claiming violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.  Plaintiff alleges that Defendant Doe, while working for Defendant Mutual Hospital, violated the FDCPA by telephoning Plaintiff's attorney and threatening to contact Plaintiff directly.  Defendants counter that Doe's alleged conduct falls outside the provisions of the FDCPA.  We agree with Defendants and, for the reasons outlined below, <u>GRANT</u> their Motion to Dismiss for failure to state a claim upon which relief can be granted.

<u>Factual and Procedural Background</u>

The underlying dispute involves an alleged wrongful threat via telephone by Defendant Doe to an assistant working at Plaintiff Hill's attorney's office to the effect that Doe would contact Hill directly if Hill's attorney did not provide certain information which Doe had requested. Doe, an as-yet unidentified employee or representative of Mutual Hospital,[1] is alleged to be a debt collector as defined by statute, who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due" persons other than and including Mutual Hospital. 15 U.S.C. 1692a(6); <u>see also</u>, Compl. ¶ 6. Defendant Mutual Hospital is also alleged to be a debt collector as defined by 15 U.S.C. 1692a(6), in that Mutual Hospital "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." <u>See</u> Compl. ¶ 5. It is further alleged in the Complaint that Plaintiff Hill is a consumer as defined by 15 U.S.C. 1692a(3), in that Hill is a "natural person obligated or allegedly obligated to pay any debt."

On April 7, 2005, Hill filed a voluntary petition for Chapter 7 bankruptcy in this district thereby commencing cause number 05-06091-BHL-7 ("Bankruptcy Case").[2] Compl. ¶ 8; Compl. Exh. B. In the Bankruptcy Case, Mutual Hospital was listed as a non-

---

[1] Plaintiff states that Doe only identified himself as "Conrad" when he placed a call to Plaintiff's attorney's office on June 2, 2005. [Br. in Supp. of Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Br."), p. 2.] As such, we refer to him as "Doe."

[2] Plaintiff Hill's bankruptcy was filed jointly with her spouse, Johnathan Hill, but the latter is not a party to this case.

priority, unsecured creditor.  Pl.'s Br., p. 1.  On April 10, 2005, the Bankruptcy Court mailed to Hill's creditors, including Mutual Hospital, a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines ("Notice").  Pl.'s Br., p. 1–2; Pl.'s Exh. B; Compl. ¶ 11; Compl. Exh. B.  The Bankruptcy Court sent the Notice to the address of Mutual Hospital on file with the Secretary of State Business Services Division.[3]  Pl.'s Br., p. 2; Pl.'s Br. Exh. C.  The Notice included the following on the first page: "If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized."  Pl.'s Br., p. 2; Pl.'s Exh. B; Compl. Exh. B.

On June 2, 2005, at approximately three o'clock in the afternoon, Defendant Doe, on behalf of Defendant Mutual Hospital, contacted Hill's attorney's office and spoke with Scott Cooper ("Cooper"), Hill's attorney's assistant to request information regarding Hill's bankruptcy, including the case number and a verification of filing.  Pl.'s Br., p. 2; Compl. ¶ 16, Pl.'s Exh. D, ¶ 4–5.  Hill's attorney, Clifford W. Sheppard ("Sheppard"), did not speak with Doe.  Cooper refused to provide the requested information but did inform Doe that Sheppard was representing Hill, and Cooper offered to Doe the Bankruptcy Court's toll-free number to access the court's Voice Case Information System.  Pl.'s Br., p. 3.  Plaintiff alleges that Doe "became upset"[4] when he was unable to get the requested

_____

[3] This is also the address used by Mutual Hospital on its "dunning" (or collection) letters and represented as its mailing address.  Pl.'s Br., p. 2 n.1.

[4] Pl.'s Br., p. 3.  Doe "manifested his reaction to Mr. Cooper's declining to provide personal information regarding Ms. Hill by becoming louder, talking more rapidly, and interrupting Mr. Cooper."  Id. at 3 n.4.

3

information from Cooper regarding Sheppard's representation of Hill and threatened that "he would simply contact Ms. Hill directly." Pl.'s Br., p. 3.

In response to that threat, Hill filed this Complaint for Damages and Demand for Jury Trial ("Complaint") on June 30, 2005, which alleges that Doe's telephone call to Sheppard's office was a "violation[] of the Fair Debt Collection Practices Act."[5] Compl. ¶ 1. Defendants do not deny that the telephone call occurred; rather, Defendants emphasize that since the call was between Doe and Sheppard's office, and not Hill herself, the conduct falls outside the provisions of the FDCPA. [Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Mem."), p. 1.]

<u>Legal Analysis</u>

I.    *Rule 12(b)(6) Standard of Review*

Rule 12(b)(6) permits the dismissal of a claim for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).[6] A party moving to dismiss bears a weighty burden in that it must show that "the plaintiff cannot prove any facts that would support his claim for relief." <u>Save the Valley, Inc. v. U.S. Envtl. Prot. Agency</u>, 99 F. Supp. 2d 981, 983 (S.D. Ind. 2000) (Barker, J.) (quoting <u>Craigs, Inc. v. General Elec.</u>

---

[5] We suspect this was more Hill's attorney's decision than hers, since the offense was never perpetrated against her directly.

[6] Fed. R. Civ. P. 12(b)(6) provides:

(b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted.

Capital Corp., 12 F.3d 686, 688 (7th Cir. 1993).

As a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.  Owner-Operator Indep. Drivers Ass'n v. Mayflower Transit, Inc., 161 F. Supp. 2d 948, 950–51 (S.D. Ind. 2001).  On a Rule 12(b)(6) motion, we treat all well-pleaded factual allegations as true, and we construe all inferences that reasonably may be drawn from those facts in a light most favorable to the party opposing the motion, in this case, Hill.  Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir. 2003); Szumny v. Am. Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001).

II.    *Claim Based on Federal Statute*

Hill asks the Court to find that Doe and Mutual Hospital violated the FDCPA when Doe telephoned Hill's attorney and threatened to contact Hill directly.  There is no allegation that that threat was ever carried out by Doe.  Hill argues that this alleged threat violates § 1692e of the FDCPA, which, in pertinent part, states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

15 U.S.C.A. § 1692e(5).  Hill claims that Doe's threat to contact Hill is a violation of 15 U.S.C. § 1692e(5) because such contact is an "action that cannot legally be taken" under

5

the FDCPA.  See 15 U.S.C.A. § 1692c(a)(2) ("a debt collector may not communicate with a consumer in connection with the collection of any debt . . . (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt").

The purpose of the FDCPA is to protect consumers.  15 U.S.C. § 1692(e).  A "consumer" is "any natural person obligated or allegedly obligated to pay any debt."  15 U.S.C.A. § 1692a(3).  In addition, the term consumer includes "the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator."  15 U.S.C.A. § 1692c(d).  Thus, under the plain language of the FDCPA, Hill's attorney is not a consumer, and, further, including him in the protected class would "fall[] outside the clear purpose of the statute."  See Young v. Manley, 2000 WL 1280968 at * 3 (N.D. Ill. 2000). While the FDCPA prohibits certain communications with a consumer, it does not prohibit those communications with the consumer's attorney.  See Diesi v. Shapiro, 330 F. Supp. 2d 1002, 1004 (C.D. Ill. 2004) (involving a debt collector's attorney faxing a letter to the consumer's attorney) (citing Phillips v. N. Am. Capital Corp., 1999 WL 299872 at *3 (N.D. Ill. 1999) (involving a telephone conversation between a debt collector and a debtor's brother, who was also the debtor's attorney)).  In fact, the "FDCPA *requires* a collector to communicate *only* with the consumer's attorney upon learning that attorney's name and address."  See Phillips, 1999 WL 299872 at *3 (emphasis in original).[7]

---

[7] Presumably, Mutual Hospital, and therefore Doe, knew Hill's attorney's name and address from both the Voluntary Petition for Chapter 7 Bankruptcy (Compl. Exh. A) and the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines (Compl. Exh. B). The latter had been sent via first class mail to Mutual Hospital on April 10, 2005.  Compl. Exh. B, p. 4; Facts and Procedural Background, *infra*.  Why Doe needed to request that information

Furthermore, the threshold requirement for enforcing the FDCPA is that the alleged prohibited practices have been used in an attempt to collect a debt.  See Mabe v. G.C. Servs. Ltd. Partnership, 32 F.3d 86, 87–88 (4th Cir. 1994).  Here, that Hill owes a debt to Mutual Hospital Service is undisputed.  See Compl. ¶¶ 4, 11, 13; Pl.'s Br., pp. 1–2; Def.'s Mem., pp. 1–4; Def.'s Reply, pp. 1–4.  However, no facts have been alleged to show that Doe, in contacting Hill's attorney's office, was attempting to *collect* that debt.  Plaintiff claims only that Doe attempted to obtain information in regard to Hill's Bankruptcy Case. Compl. ¶ 13 ("Doe called . . . *about* a debt . . . allegedly owed to Mutual Hospital") (emphasis added); Pl.'s Br., p. 2 (Doe "requested information regarding Ms. Hill's bankruptcy *filing*") (emphasis added).

Doe's misguided and arguably intemperate statement to the debtor's attorney's assistant threatening to contact the debtor directly had him flirting with future legal problems because direct conduct with a consumer is in fact prohibited, and if such unlawful contact were to be made with or threatened against the consumer, (including the consumer's spouse, parent, guardian, executor, or administrator), there would likley be a factual basis for a claim under the FDCPA.  However, as alleged in Hill's complaint, there was no violation of the FDCPA because the threat was directed to Hill's attorney's assistant, and no contact was ever made by Doe with Hill as a consumer.  In fact, neither Sheppard nor Cooper was legally harmed by Doe since they were clearly beyond the reach

---

from Hill's attorney remains a mystery to us, but, groundless or not, Doe's phone call and subsequent threat to the attorney do not constitute a violation of the FDCPA.  In fact, the attorney appears to be the only person that Doe could permissibly contact.

of these statutory protections.

Accordingly, we hold that Doe's phone call to Hill's attorney's office was not a communication with the consumer and, therefore, did not constitute a violation of the FDCPA. Further, Hill's complaint fails to assert the threshold requirement for invoking the FDCPA by omitting any claim that Doe, in making that call, was attempting to collect a debt.

<u>Conclusion</u>

For the reasons explained above, Plaintiff's complaint fails to state a claim upon which relief can be granted. Defendant's motion to dismiss for failure to state such a claim is therefore <u>GRANTED</u> without prejudice. We know of no basis for an amended complaint and, if none is filed within thirty (30) days of the date of this ruling, this dismissal shall be with prejudice. Judgment shall be entered accordingly. IT IS SO ORDERED.

Date:    12/09/2005

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copy to:

Elliott I. Pinkie
KIGHTLINGER & GRAY
epinkie@k-glaw.com

8

Clifford W. Shepard
consprolaw@aol.com

Peter A. Velde
KIGHTLINGER & GRAY
pvelde@k-glaw.com